UNITED STATES of America,
Plaintiff—Appellee,

v.

Michael Peter BRYNJOLFSON,
Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

Adam Robert Lord, Defendant—
Appellant.

Nos. 01–30192, 01–30220.
D.C. No. CR–00–00474–BJR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 2002.

Decided Oct. 18, 2002.

Before BEEZER, GOULD, and
BERZON, Circuit Judges.

## MEMORANDUM*

Defendants pleaded guilty to conspiracy to distribute marijuana. Defendant Brynjolfson was sentenced to twelve months and one day of imprisonment, and defendant Lord to eighteen months. Defendant Brynjolfson completed his sentence and was deported prior to this appeal. Defendant Lord has also been deported. Because defendants appeal their convictions as well as their sentences, this appeal is not moot. *See United States v. Palomba,* 182 F.3d 1121, 1123 n. 3 (9th Cir.1999) ("Although there is no standing to challenge an improper but completed sentence when only the length of the sentencing is at issue, there is a presumption of collateral consequences sufficient for standing if the correctness of the conviction is at issue").

Defendants allege that the border patrol agents and police officer did not have reasonable suspicion to stop their vehicle. Whether reasonable suspicion exists is reviewed *de novo* on appeal. *See Ornelas v. United States,* 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). The underlying factual findings are reviewed for clear error. *United States v. Lopez–Soto,* 205 F.3d 1101, 1103 (9th Cir.2000).

In making a reasonable suspicion determination, a reviewing court must look at the totality of the circumstances. *United States v. Arvizu,* 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). Relevant circumstances that may give rise to reasonable suspicion include the characteristics of the area, its proximity to the border, previous alien or drug smuggling in the area, the experience of the officers and the behavior of the driver, including obvious attempts to evade officers. *United States v. Tiong,* 224 F.3d 1136, 1139 (9th Cir.2000).

In this case reasonable suspicion existed. The terrain where the defendant picked up additional passengers was a remote area with wooded trails. The area was distant from border checkpoints and in close proximity to the Canadian border. The larger wilderness area and trails leading from Canada into the United States are common routes for transporting drugs across the border.

The arresting border patrol agents had experience with people driving to the air-

---

port in private vehicles, renting different vehicles at the airport, and using the rented vehicles for smuggling activities. Defendant Lord in this case drove a Volkswagen Jetta sedan with a Canadian license plate to the airport, picked up keys at an automobile rental agency and drove away in a rented Chevrolet Lumina sedan. Defendant Lord then attempted to determine if he was being followed by making three to six U-turns, or "heat checks." Soon after, defendant Lord drove into a remote area close to the border and returned with four passengers, including the defendant Brynjolfson. Agents had reasonable suspicion to make a stop. The judgments of the district court are **AFFIRMED**.

*This case was not selected for publication in the Federal Reporter*

---

* The Honorable Bobby R. Baldock, Senior United States Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.